# IN THE MATTER OF THE APPOINTMENT OF A GUARDIAN FOR MARIA BROWN, a Minor.

### APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED JANUARY 16, 1899.    DECIDED FEBRUARY 23, 1899.

JUDD, C.J., WHITING, J., AND CIRCUIT JUDGE PERRY, SITTING IN PLACE OF FREAR, J., ABSENT.

The preference given by statute to the parents in the order of appointment of guardians of minors may be deviated from by the judge in his discretion for good cause other than the parents' incompetency respectively to transact their own business.

In this case neither parent had petitioned for the appointment.

The welfare of the child is the "polar star" to guide the discretion of the judge.

#### OPINION OF THE COURT BY JUDD, C.J.

This is an appeal from an order of the Circuit Judge of the Fourth Circuit appointing one W. C. E. Brown, generally known as Enoch Brown on his own petition, guardian of the person of a female child born about the fourth of May, 1898, and found in a cesspool at Hilo, Hawaii, a day or so after its birth. The infant from the time of its discovery and rescue has been and still is in the possession and care of said Enoch Brown. Letters of temporary guardianship had been issued by the Circuit Judge to Brown on the 11th August last, and on a final hearing on the 15th September the appointment of Brown was made permanent. One Otto W. Rose, brother of the mother of the infant, Mrs. Pauline D. Ruttmann, petitioned

the judge that he be appointed guardian of the person of the infant and at the hearing the mother requested that the said Otto W. Rose be appointed. The question then before the judge was whether the temporary appointment of Brown should be vacated and Rose appointed or Brown's appointment be made permanent. The judge as shown above, ordered permanent letters of guardianship be issued to Brown deeming it necessary that a guardian should be appointed. Otto W. Rose appealed to this Court.

His counsel urge that the appointment is void because the statute was not followed. Sec. 1958 of the Civil Laws provides that "the father of the minor, if living, and in case of his death the mother, while she remains unmarried, being themselves respectively competent to transact their own business, shall be entitled to the custody of the person of the minor, and to the care of his education;" and it is urged that there was no evidence and no finding of the Court which enabled it to disregard the priority of one parent or the other of the right to the guardianship. And it is further contended that the parents being alive and competent to transact their own business have the absolute statutory right to the appointment. This contention may be answered by the fact that neither parent has applied for the appointment and neither has had the actual custody of the infant. The record, moreover, shows that on a writ of habeas corpus the mother failed to obtain custody of the infant and did not appeal from the order discharging the writ. But we think that there is discretion vested in the judge to deviate from the priority of appointment even if the competency of the parents to transact their own business be shown, where the judge has good cause to deviate. Section 1957 of the Civil Laws distinctly says that even if the minor above the age of thirteen nominates his own guardian it is subject to the approval of the judge. We assume, since there is no evidence that the infant has any property that the contest here is as to the custody of the person of the infant. Where the right of management of the infant's property is in issue, the provision that the par-

ents have the first right to the appointment if competent to transact their own business would be reasonable and logical. It has little cogency in this case. But there is a principle of law and good morals that the welfare of the child is the polar star by which the discretion of the Court is to be guided. Hurd, Hab. Cor., p. 632, and *In re Kamarawa*, 6 Haw. 386, and cases cited.

It would be subversive of good morals to hold that the judge in whom the appointment of guardians is vested has not the discretion to decide whether the nominee is a fit person to be intrusted with the care of an infant of tender years. Not that the judge can legally take the custody of an infant from its parents without the strongest showing of the unfitness of the parents. But this is not our case. Neither parent has ever had its custody. In our case the trial judge held that it was not advisable to appoint the petitioner, Rose, being the uncle of the infant and living in the same house with its mother, but it was for the best interests of the child that it should not be where the influence of the mother would be exerted over it. No valid objection to continuing the custody of Brown appears and we hold that the judge had the discretion to continue his guardianship and that it was not abused when he declined to appoint Rose in place of Brown; and, therefore, dismiss the appeal.

*Little & Galbraith* for petitioner Brown, and *Humphreys & Gear*, of counsel.

*Wilder, Wise & Wakefield* and *C. F. Parsons* and *Robertson & Wilder* for petitioner Rose.